# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>REAL PROPERTY LOCATED AT )<br>2245 S.W. 49th STREET )<br>OKLAHOMA CITY, OKLAHOMA, )<br>Including All Buildings, Appurtenances and )<br>Improvements Thereon, )<br>)<br>Defendant. ) | CIV-18-377-D |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, by its attorneys, Robert J. Troester, Acting United States Attorney for the Western District of Oklahoma, and Wilson D. McGarry, Assistant United States Attorney, brings this Complaint and alleges the following, in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF ACTION

1. This is an *in rem* forfeiture action brought to forfeit property and condemn to the use and benefit of the United States of America the above-captioned Defendant, pursuant to violation of Title 21, United States Code, Section 881(a)(7).

## JURISDICTION AND VENUE

2. The United States brings this action *in rem* in its own right to forfeit and condemn the Defendant property, pursuant to 21 U.S.C. § 881(a)(7), and 18 U.S.C. § 985(b)(1) and (c)(1). The Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

3. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395, because the property is located in this district.

## THE DEFENDANT *IN REM*

5. Defendant is real property known and numbered as 2245 S.W. 49th Street, Oklahoma City, Oklahoma 73119, with all appurtenances, improvements, and attachments thereon, constituting the Defendant Property (hereinafter, "Defendant Property"), more particularly described as:

> 2245 S.W. 49th Street, Oklahoma City, Oklahoma County, Oklahoma, and the associated acreage, titled to Rogelio SOTO, legally described as Lots Twenty-Five (25) and Twenty-Six (26), in Block Eighteen (18), of Moore Heights Addition, to Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof.

The Defendant Property has not been seized, and is located within this district and within the jurisdiction of the Court. The purchaser of record of the Defendant Property is

Rogelio Soto, pursuant to a Warranty Deed recorded on July 31, 2014, Book RE12599, Page 659, in the records of the Oklahoma County Clerk, Oklahoma.

## BASIS FOR FORFEITURE

6.   The Defendant Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7), and 18 U.S.C. § 985(b)(1) and (c)(1).  The United States alleges that the Defendant Property was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation pursuant to 21 U.S.C. § 881(a)(7).

## FACTS

7.   The facts and circumstances supporting the seizure and forfeiture of the Defendant Property are contained in Attachment 2, which is attached hereto and fully incorporated herein by reference.

## CLAIM FOR RELIEF

8.   The United States repeats with the same force and effect each and every allegation set forth in Paragraphs 1 through 6 above.

9.   As a result of the foregoing, the Defendant Property is liable to condemnation and to forfeiture to the United States for its use, in accordance with 21 U.S.C. § 881(a)(7) and 18 U.S.C. §  985(b)(1) and (c)(1).

10.   The United States does not request authority from the Court to seize the real property at this time.  The United States will, as provided by 18 U.S.C. § 985(b)(1), (b)(2) and (c)(1):

a. Post notice of this action and a copy of the Complaint on the Defendant Property;

b. Serve notice of this action and a copy of the Complaint on the Defendant Property owner and any other person or entity who may claim an interest in the Defendant Property;

c. Execute a writ of entry for purposes of conducting an inspection and inventory of the Defendant Property and appraise the Defendant Property; and

d. File a lis pendens in county records giving notice of the Defendant Property's status as a Defendant in this *in rem* action.

WHEREFORE, the United States requests that the Court issue writ of entry for Defendant Property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interest in the property; that the Defendant Property be forfeited and condemned to the United States of America; that the United States be awarded its costs and disbursements in this action and for such other and further relief as this Court deems proper and just.

Respectfully submitted,

ROBERT J. TROESTER
Acting United States Attorney


s/*Wilson D. McGarry*
WILSON D. McGARRY
Assistant United States Attorney
Oklahoma Bar No. 31146
210 Park Avenue, Suite 400
Oklahoma City, OK 73102
(405) 553-8700
E-mail:  wilson.mcgarry@usdoj.gov

## VERIFICATION

I, Abraham Schenk, hereby verify and declare under penalty of perjury that I am a Special Agent with Immigration and Custom Enforcement (ICE) / Homeland Security Investigations (HSI), that I have read the foregoing Verified Complaint of Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true. The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the ICE / HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed on this __18th__ day of __April__, 2018.

_____
Abraham Schenk, Special Agent
Immigration and Custom Enforcement /
Homeland Security Investigations

ATTACHMENT 1

# AFFIDAVIT OF
# ABRAHAM SCHENK, SPECIAL AGENT
# HOMELAND SECURITY INVESTIGATIONS

I, Abraham Schenk, a Special Agent with Immigration and Custom Enforcement (ICE) / Homeland Security Investigations (HSI), being duly sworn, depose and state as follows:

1. I have been employed as a Special Agent with ICE/HSI since January 30, 2011. I am currently assigned to the HSI Office of the Resident Agent in Charge, Oklahoma City, Oklahoma, as a Criminal Investigator. As an HSI Special Agent, I frequently conduct investigations relating to illegal drug trafficking and distribution, along with other federal criminal violations. Prior to this assignment, I was assigned to the HSI office in El Paso for five years, where I conducted numerous investigations of International Drug Trafficking Organizations. I have received formal training and instruction in the detection, recognition, and identification of controlled substances and the investigation of drug trafficking from the Federal Law Enforcement Training Center in Glynco, Georgia, and from on-the-job training and experience. As a federal agent, I am authorized to investigate violations of the laws of the United States and to seek forfeiture of property under the authority of the United States.

2. The facts set forth in this Affidavit are based upon my personal knowledge, knowledge obtained from other law enforcement personnel, review of documents related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through training and experience. I have not included in this Affidavit every fact known to me in regard to the investigation, but rather I have set forth only those sufficient to establish probable cause.

3. This Affidavit is submitted in support of the seizure of real property located at 2245 S.W. 49th Street, Oklahoma City, Oklahoma 73119, which is subject to forfeiture to the United States under Title 21, United States Code, Section 881(a)(7), as the property was used to facilitate unlawful narcotics trafficking pursuant to 21 U.S.C. Section 846

Attachment 2

which is punishable by more than a year of imprisonment, in violation of Title 21, United States Code, Section 881(a)(7).

4. The information set forth in this Affidavit is representative of drug trafficking activities by Rogelio SOTO Aragon for his participation in violations of Title 21 United States Code Section 846, conspiracy to possess with the intent to distribute and distribution of illegal drugs, including marijuana.

5. Rogelio SOTO Aragon obtained illegal drugs including marijuana directly from co-conspirators and conspired with others to distribute the marijuana throughout Oklahoma City and elsewhere.

6. Beginning in 2012, HSI El Paso began working an investigation of a Transnational Criminal Organization led by a man known as "BIGOTES" and/or "EL GENERAL" (hereinafter the "BIGOTES TCO").

7. In December 2016, HSI El Paso sent information and a request to HSI Oklahoma City to investigate, disrupt and dismantle the Oklahoma City leg of the BIGOTES TCO, later identified as the Rogelio SOTO Drug Trafficking Organization (DTO) that was trafficking marijuana and the movement of proceeds of the marijuana distribution.

8. In September 2016, after receiving information that a maroon Honda Ridgeline would be delivering marijuana to 2245 S.W. 49th Street in Oklahoma City, Oklahoma (Defendant Property), and thereafter a green truck would be delivering cash from Defendant Property to be driven South, Drug Enforcement Administration (DEA) Oklahoma City conducted surveillance on the Defendant Property and stopped a green Honda Ridgeline leaving the Defendant Property (after it made several brief stops at an apartment complex and a gas station) and found $30,570.00 in United States Currency in the vehicle. Based on my training and experience, I believe this to be proceeds of illegal drug trafficking. The occupants of the vehicle Erick SANCHEZ Landa and Pablo LEVARIO Cueto were released and the $30,570 United States Currency was seized as proceeds of illegal drug trafficking. The Honda Ridgeline was registered to Lizbeth ALMANZA Saenz (L. ALMANZA) at the address of the Defendant Property.

9. In December 2016, HSI El Paso received information that loads of marijuana were being delivered to and unloaded into the garage of the Defendant Property.

10. On March 20, 2017, a petition was filed in the District Court of Custer County, Oklahoma by LEVARIO and Cenaida Barraza, also known as Maria Elena ALMANZA Saenz (M. ALMANZA), claiming rights to the seized cash from September 2016, with M. ALMANZA claiming to be the owner of the cash.

11. On June 16, 2017, a trash pull was conducted at the Defendant Property where several articles of mail addressed to SOTO and M. ALMANZA were retrieved along with a bag of notebook paper ripped into small pieces. Agents pieced back together the ripped notebook paper revealing several complete ledger pages consistent with a drug distribution/payment ledger.

12. Based on the previous information, a search warrant was obtained and executed at the Defendant Property on June 23, 2017, by DEA and HSI Oklahoma City agents.

13. While searching the Defendant Property, agents found and seized a notebook identified as a drug ledger, $40,000 in United States Currency (all $20 bills) wrapped in different colored rubber bands, which based on my training and experience I believe to be drug proceeds, various bags of rubber bands (items consistent with drug distribution) matching the ones used on the cash, a .357 Magnum revolver and multiple fraudulent identification and immigration documents with M. ALMANZA's photo using her real name and the aliases "Cenaida Barraza de Almanza", "Veronica Garcia" and "Elena Almanza".

14. During the search warrant execution, SOTO, L. ALMANZA (SOTO's wife) and M. ALMANZA (SOTO's Mother-in-law) were interviewed. L. ALMANZA was read the Miranda warnings in the Spanish language. L. ALMANZA stated she understood her rights and agreed to talk to agents without the presence of an attorney.

15. L. ALMANZA told agents she has lived at the Defendant Property for approximately three years with SOTO and is not legally present in the United States. Initially, she denied several times she knew anything about drug distribution at the

Defendant Property. However, as questioning continued, L. ALMANZA admitted she was aware that SOTO was selling marijuana and stated, "I told him to get out of this shit." She added that SOTO would tell her each time, "this will be the last time."

16. M. ALMANZA was read the Miranda warnings in the Spanish language and stated she understood her rights and agreed to talk to agents without the presence of an attorney.

17. When asked about the seized currency in September 2016, M. ALMANZA admitted she lied on the petition she and LEVARIO signed and the money actually belonged to SOTO who asked her to claim the money for him. M. ALMANZA initially denied knowledge of drugs or large quantities of money at the Defendant Property, but then stated she suspected drugs were involved because random cars frequently showed up at the Defendant Property. Additionally, M. ALMANZA told agents she knew her daughter, L. ALMANZA, was aware of SOTO selling drugs from the Defendant Property because they could not afford their lifestyle based on SOTO's income as a cement worker. She believed her daughter would protect SOTO because her daughter was somewhat afraid of him.

18. SOTO read the Miranda warnings in the Spanish language, stated he understood his rights, waived his rights by signing a Miranda waiver form and agreed to talk to agents without the presence of an attorney.

19. SOTO stated he was not in the United States legally and claimed ownership of the revolver found in his garage. SOTO initially denied having any involvement or knowledge of drug trafficking or distribution, either by him or from his house, the Defendant Property, and provided agents with the same initial story as M. ALMANZA and L. ALMANZA as to the origins and the purpose of the money seized from LEVARIO in September 2016. When asked about the green Honda Ridgeline the money was seized from being registered under his wife's name, SOTO stated he never saw that Ridgeline until after the money was seized from LEVARIO, after which time he claimed to have bought it from LEVARIO and registered it under L. ALMANZA's name. Agents knew this statement to be false as the Ridgeline was seen at the Defendant Property several times

during surveillance prior to the money seizure and was registered to L. AMANZA at the time of the money seizure September 2016.

20.  When asked about the purchase of his house, the Defendant Property, SOTO claimed to have paid for the Defendant Property in 2014 with cash and stated $60,000 came from property he sold in Mexico and the other $50,000 came from his savings from 15 years of working for construction companies (which slightly conflicted with his wife's statement).[1]

21.  After agents questioned his truthfulness, SOTO admitted he has been receiving large shipments of marijuana from Mexico, approximately every two to three weeks for the past two years and distributing it to various buyers that were pre-arranged through his contacts in Mexico, "AMIGO" and "CHUY". SOTO also admitted that the money seized in September 2016 from LEVARIO was actually drug proceeds that were supposed to be delivered to two girls in Amarillo, Texas, who normally come to Oklahoma City to pick up the cash. Additionally, SOTO stated the Honda Ridgeline belonged to his contacts in Mexico, but they asked him to sell it after the money was seized because it was "burned".

22.  SOTO stated he was paid $2,000 for every 100 pounds he delivered and his job was to accept the shipments of marijuana, distribute it to the buyers, collect the cash proceeds from the buyers and have it delivered back to Mexico; all of which was coordinated via AMIGO and CHUY. SOTO told agents his last shipment was 150 pounds of marijuana he received 15 days ago. Soon after that statement was made, the interviewing agents received information that a drug ledger was found in the Defendant Property. With the new information, SOTO was asked again about his last shipment and he admitted he received 610 pounds of marijuana from a semi-truck two days prior to the Search Warrant, which was corroborated by the ledger, and that he immediately transferred the

---

[1] Information received from representatives at the Bank of Oklahoma (BOK), revealed that Roxanna Mendoza, the person from whom Rogelio SOTO purchased the Defendant Property, made a cash deposit of $109,880, in all $20 bills, on July 29, 2014 . Based on the information received, an internal investigation was conducted by BOK personnel and Ms. Mendoza was questioned due to the suspicious nature of the transaction. According to the investigation report, Ms. Mendoza stated she received the $109,880 (in $20 bills) from Rogelio SOTO for the sale of her house at 2245 SW 49th Street, Oklahoma City, Oklahoma (Defendant Property).

Attachment 2

entire shipment to two local buyers in a parking lot near his house. SOTO told agents no money was received from the buyers and that the entire shipment was "fronted" meaning payment would be received once it was sold.

23. When asked how previous shipments were stored there after being received from Mexico, prior to being delivered to the buyers, SOTO stated they would offload the marijuana at his house, the Defendant Property, and store it in the garage. However, after the money was seized in September 2016, he stopped having it delivered to his house and would meet the incoming shipments at various parking lots in Oklahoma City, offload the marijuana into one of his own vehicles, then park the vehicle at his house temporarily, usually for only one or two days.

24. While SOTO was being interviewed, agents conducting the search at the Defendant Property found a grocery bag under his nightstand full of $20 bills bundled together with multi-colored rubber bands. Agents showed the bag to SOTO, who, without even being able to see the cash, stated it was $40,000 he received from the two buyers two days ago for the 610 pounds of marijuana he delivered. SOTO told agents the buyers gave him $20,000 each; one buyer received 310 pounds of the marijuana and the other received 300 pounds. SOTO said the two girls he previously mentioned would be coming to Oklahoma City within the next day or two to pick up the cash.

25. On August 11, 2017, an analysis of the two drug ledgers found from the Defendant Property (one from the trash pull and the other from the search warrant) revealed the total amount of marijuana delivered to SOTO was 5,294 pounds and the total net worth of the marijuana delivered was $1,752,395 (based solely on the information contained in the ledgers). SOTO claimed in his interview that he started receiving shipments of marijuana in October 2015. Using the two ledgers as a baseline and assuming he received a shipment every 24 days (as the ledgers showed), it was estimated SOTO likely received, delivered and sold between 13,169 pounds (worth approximately $4,705,520)[2] and 19,191

---

[2] This weight and amount was estimated using the Average Estimate (averaging the least amount he would have received with the highest amount he would have received, added to the amount known from the ledgers).

pounds (worth approximately $6,963,395)[3] of marijuana from October 2015 to June 17, 2017 (the date of the last shipment).

26. Based on the foregoing, there is reason to believe 2245 S.W. 49th Street, Oklahoma City, Oklahoma was used to facilitate the unlawful narcotics trafficking. The discovery of illegal drugs, a weapon, cooperating statements and surveillance constitutes an ongoing business of dealing with illegal substances punishable by more than a year of imprisonment by SOTO utilizing the location of 2245 S.W. 49th Street, Oklahoma City, Oklahoma as a key location for this criminal activity.

I declare under the penalties of perjury of the laws of the United States that the foregoing is true and correct.

_____
Abraham Schenk
Special Agent
Immigration and Custom Enforcement (ICE)
Homeland Security Investigations (HSI)

Subscribed and sworn to before me this 18th day of Apr., 2018.

_____
Terri L. Celestine – Notary Public
Commission Number 02002358

My Commission Expires:

February 8, 2022

---

[3] This weight and amount was estimated using the Continuous Estimate (the amount he would've received if he steadily received the same amount as on the ledgers for the whole 20 month period).

Attachment 2

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

### DEFENDANTS
Real Property located at 2245 S.W. 49th Street
Oklahoma City, OK 73119

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Wilson McGarry, AUSA
U.S. Attorney's Office, 405-553-8700
210 Park Ave., Ste. 400, Oklahoma City, OK 73102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 21, United States Code, Section 881(a)(7)

Brief description of cause:
The real property was used, or intended for use to facilitate drug trafficking activity

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 04/20/2018
SIGNATURE OF ATTORNEY OF RECORD: s/Wilson McGarry, Assistant U.S. Attorney

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[Print] [Save As...] [Reset]